IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| )   | |
| Plaintiff,        ) | |
| )   | |
| v.              ) | Civil Action No. _____ |
| )   | |
| )   | |
| SUNOCO, INC. (R&M), and       ) | CONSENT DECREE |
| SUN PIPE LINE COMPANY,        ) | |
| )   | |
| Defendants.        ) | |
| )   | |
| _____) | |

# I. INTRODUCTION

This Consent Decree, which is made and entered into by and between the United States of America ("United States"), on behalf of the Administrator of the Environmental Protection Agency ("EPA") and the Secretary of the Department of the Interior ("DOI") acting through the U.S. Fish and Wildlife Service ("FWS"), and Sunoco, Inc. (R&M) and Sun Pipe Line Company (collectively, "Sunoco"), requires payment to the United States of a Civil Penalty in the amount of $2,742,600, and Natural Resource Damages in the amount of $865,000, to resolve the United States' claims described below.

  1.  The United States has filed a Complaint against Sunoco in this action seeking penalties for violations of Section 311(b)(3) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(3), and for Natural Resource Damages pursuant to Section 1002(b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(b)(2)(A). The United States' claims arise from a discharge of oil that occurred on or about February 2, 2000, when a subsurface oil pipeline ("North Ship Line") owned by Sun Pipe Line Company and operated by Sunoco, Inc.

(R&M) discharged an estimated 4,571 barrels of crude oil into a wetland impoundment and its adjoining shoreline ("Spill") within the John Heinz National Wildlife Refuge at Tinicum ("Refuge"), located in Philadelphia and Delaware Counties, Pennsylvania.

2.  In response to the Spill, EPA issued administrative orders on February 7, 2000 and February 29, 2000 pursuant to Sections 311(c) and (e) of the CWA, 33 U.S.C. §§ 1321(c) and (e), requiring Sunoco to contain, recover and properly dispose of oil; recover and rehabilitate oiled wildlife; and study the feasibility of implementing a leak detection system on the affected pipeline. In a February 17, 2000 letter to the United States Department of Transportation, Office of Pipeline Safety, Sunoco committed to a set of inspection and operating procedures to reduce the chance for additional pipeline discharges, including replacement of the mitered joint that contributed to the Spill on the failed pipeline and inspection of similar mitered joints on pipelines that traverse the Refuge. Sunoco subsequently installed leak detection technology on the North Ship Pipeline and replaced additional mitered joints on pipelines that traverse the Refuge.

3.  The parties believe and this Court finds that this Consent Decree has been negotiated in good faith, that it will avoid prolonged litigation, and that it is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## II.  JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1345; 33 U.S.C. §§ 1321(b)(7)(E), 1321(n); and 33 U.S.C. § 2717(b). Venue is proper in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 118(a), 1391(b); 33 U.S.C. § 1321(b)(7)(E); and 33 U.S.C. § 2717(b). The Court has personal jurisdiction over Sunoco and

Sunoco consents to the Court's jurisdiction and venue in this judicial district for purposes of this Decree.

### III.  APPLICABILITY

5.      This Consent Decree applies to and is binding upon the United States and upon Sunoco and its successors and assigns. Sunoco, Inc. (R&M) and Sun Pipe Line Company are jointly and severally liable for payments owed under this Consent Decree.

### IV.  DEFINITIONS

6.      Whenever the following terms are used in this Consent Decree, they shall have the meanings set forth below.

(a)     "Civil Penalty" shall mean the amount of $2,742,600 to be paid by Sunoco pursuant to Section 311(b)(7) of the Clean Water Act, 33 U.S.C. § 1321(b)(7).

(b)     "Complaint" shall mean the civil complaint filed in this action by the United States concurrently with the lodging of this Consent Decree.

(c)     "Interest" as that term is used in this Consent Decree shall mean interest accruing from the date the payments described in Paragraphs 6 and 7 herein are owed under this Consent Decree until date of payment, at the rate set forth in 28 U.S.C. §1961. Interest shall be simple interest calculated on a daily basis

(d)     "Parties" shall mean the United States, Sun Pipe Line Company, and Sunoco, Inc. (R&M).

(e)     "Natural Resource" and "Natural Resources" shall mean land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United

3

States, and shall also mean the services provided by such resources to other resources or to humans.

(f) "Natural Resource Damages" shall mean the damages described at Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), which include the reasonable costs of damage assessment.

(g) "Spill" shall mean the discharge on or about February 2, 2000 of crude oil from a failed mitered joint on the North Ship Line into the John Heinz National Wildlife Refuge. Sunoco estimated the Spill to be approximately 4,571 barrels of oil.

## V. SETTLEMENT PAYMENTS

7.   Within thirty (30) calendar days of final entry of this Consent Decree, Sunoco shall pay to the United States a civil Penalty in the amount of $2,742,600. Payment of the Civil Penalty shall be made by Fedwire Electronic Funds Transfer (EFT) to the U.S. Department of Justice in accordance with instructions to be provided to Sunoco by the Financial Litigation Unit of the U.S. Attorney's Office for the Eastern District of Pennsylvania. The Civil Penalty payment of $2,742,600 shall be credited to the Oil Spill Liability Trust Fund. At the time of payment of the Civil Penalty, Sunoco shall simultaneously send written notice of payment and a copy of any transmittal documentation (which should reference DOJ case number 90-5-1-1-07212 and FPN P00043 to:

```
Chief
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington D.C.  20044
Attn: DOJ No. 90-5-1-1-07212

Natalie Katz (3RC42)
Senior Assistant Regional Counsel
```

EPA, Region III
1650 Arch Street
Philadelphia, PA 19103

United States Coast Guard
Chief, Office of Claims and Litigation
2100 Second Street, S.W.
Washington, D.C. 20593-0001

and

Rachel M. Hopp, Legal Division
National Pollution Funds Center
United States Coast Guard
4200 Wilson Boulevard , Suite 1000
Arlington, Virginia 22203
FPN P00043

8. Within thirty (30) calendar days of final entry of this Consent Decree, Sunoco shall pay to the United States $865,000 in Natural Resource Damages. Payment of the Natural Resource Damages shall be made by EFT to the U.S. Department of Justice in accordance with instructions to be provided to Sunoco by the Financial Litigation Unit of the U.S. Attorney's Office for the Eastern District of Pennsylvania. The Natural Resource Damage payment of $865,000 will be credited to the Department of Interior Natural Resource Damage Assessment and Restoration Fund. At the time of payment of the Natural Resource Damages, Sunoco shall simultaneously send written notice of payment and a copy of any transmittal documentation (which should reference DOJ case number 90-5-1-1-07212 and "Natural Resources Damage Assessment and Restoration Fund, Acct. No. 14X5198" to:

Chief
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington D.C. 20044
Attn: DOJ No. 90-5-1-1-07212,

5

and to:

Bruce Nesslage DOI
Restoration Fund Manger
1849 C Street NW
Mail Stop 4449
Washington D.C.  20240

The Natural Resource Damage Payments required by this paragraph are made in addition to the Natural Resource Damage Assessment studies previously funded by Sunoco, and the restoration actions performed by Sunoco to restore injured Natural Resources resulting from the Spill, along with other compensatory actions taken by Sunoco.  Those actions include: (1) restoring Spill site wetland, and riparian and upland habitats by replacing soils, grading to appropriate elevations and planting with native wetland and upland vegetation; (2) restoring Refuge roads and habitat affected by response activities by removing imported crushed stone fill, reconstructing dirt roads, and planting the adjacent area with native wetland and upland vegetation; and (3) restoring the upland meadow habitat used as a staging area for response activities by removing stockpiled crushed stone and excavated fill and revegetating the meadow by seeding with native warm-season grasses and plants.

9. In the event that payments required by Paragraphs 7 and 8 above are not made within thirty (30) calendar days of the final entry of this Consent Decree, Interest shall be paid commencing on the thirty-first (31st) calendar day after final entry of this Consent Decree and accruing through the date of payment of all outstanding amounts owed under this Consent Decree.  In addition, for each calendar day payment of the amounts required under Paragraphs 7 and 8 is late, Sunoco shall pay a stipulated penalty in the amount of $1,500 per day.  Stipulated penalties and interest shall be paid in the same manner as the Civil Penalty payment, as set forth in Paragraph 7 above.

10. Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Sunoco's violation of this Consent Decree.

## VI. COVENANT NOT TO SUE BY UNITED STATES

11. In consideration of the payments that will be made by Sunoco under the terms of this Consent Decree, and except as specifically provided in Paragraphs 12 and 13 below, the United States covenants not to sue or take any administrative action against Sunoco with respect to the Spill for: Civil Penalties and Natural Resource Damages pursuant to Section 311(b)(7) of the Clean Water Act, 33 U.S.C. § 1321(b)(7), and Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), as alleged in the Complaint; and civil administrative penalties pursuant to Section 311(b)(6) of the Clean Water Act, 33 U.S.C. § 1321(b)(6). This covenant not to sue shall take effect upon the date of final entry of this Consent Decree, except that the covenant not to sue shall be conditioned upon receipt of the full payments required by Paragraphs 7, 8 and 9 above. This covenant not to sue extends only to Sunoco and its directors, employees, agents, predecessors, subsidiaries, affiliates, parents, successors, and assigns.

## VII. RESERVATION OF RIGHTS BY UNITED STATES

12. Notwithstanding any other provision of this Consent Decree, the United States reserves the right to institute proceedings against Sunoco in this action or in a new action seeking recovery of Natural Resource Damages resulting from the Spill based on (1) conditions with respect to the Spill unknown to the United States as of the date of lodging of this Consent Decree that result in discharges of oil that contribute to the injury to, destruction of, or loss of natural resources ("Unknown Conditions"); or (2) new information received by the United States after the date of lodging of this Consent Decree which indicates there is injury to, destruction of, or

loss of resources of a type or magnitude unknown to the United States as of the date of execution of this Consent Decree ("New Information"). An increase solely in the United States' assessment of the magnitude of a previously known injury to, destruction of, or loss of Natural Resources resulting from the Spill shall not be considered Unknown Conditions or New Information for the purpose of this Paragraph. For the purpose of this Paragraph, the information and conditions known to the United States shall include any information, conditions or data listed or identified in records relating to the Spill that were in the possession or under the control of the United States Department of Interior, or any records relating to the cleanup of the Spill in the possession or under the control of the Hazardous Cleanup Site Division of EPA Region III, as of the date of lodging this Consent Decree.

    13. This Consent Decree is without prejudice to the rights of the United States against Sunoco with respect to all matters other than those expressly specified herein, including, but not limited to, the following:

    a. claims based on a failure of Sunoco to meet the requirements of this Consent Decree;

    b. any and all criminal liability;

    c. past, present, or future releases, discharges, of oil other than the Spill described in this Consent Decree;

    d. actions pursuant to Section 311(c)(1)(A) of the CWA, 33 U.S.C. § 1321(c)(1)(A) or Section 1002(b)(1) of OPA, 33 U.S.C. § 2702(b)(1), to mitigate or prevent a discharge or a substantial threat of discharge of oil or a hazardous substance;

e. claims based on rights subrogated to the Oil Spill Liability Trust Fund under Section 1015 of OPA, 33 U.S.C. § 2715, for any amounts paid or to be paid by the Oil Spill Liability Trust Fund to any person for removal costs or damages in connection with the Spill; and

f. removal costs under Section 1002(b)(1) of OPA, 33 U.S.C. § 2702(b)(1) incurred in connection with the Spill.

## VIII.   COVENANTS BY SUNOCO

14.    Sunoco hereby covenants not to sue and agrees not to assert any claims or causes of action against the United States, its employees, agents, experts, contractors, or the Oil Spill Liability Trust Fund, with respect to the Spill.

15.    Sunoco will not oppose entry of this Consent Decree by this Court or challenge any provision of this Consent Decree.

16.    The tax consequences of this settlement are governed by the Internal Revenue Code, with which Sunoco will comply.

## IX.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

17.    Neither by entering into this Decree nor by taking any action in accordance with it (including making the payments required by this Decree), shall Sunoco be deemed to have admitted any fact, liability or wrongdoing relating to the Spill or subsequent response to the Spill

18.    In any subsequent administrative or judicial proceeding reserved herein and initiated by the United States with respect to the Spill, Sunoco shall not assert, and may not maintain any defense or claim based on the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or any other defenses based upon the contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the

9

instant case, provided however, that nothing in this Paragraph affects the provisions of Paragraphs 11 and 12.

19. Effective upon final entry of this Consent Decree and receipt of the full payments specified in Paragraphs 7, 8 and 9 above, and except as provided by Paragraphs 12 and 13 above, this Consent Decree resolves all claims by the United States for Civil Penalties and Natural Resource Damages with respect to the Spill.

20. Upon receipt of Sunoco's payments specified in Paragraphs 7, 8 and 9 above, Sunoco's obligations under this Consent Decree shall be deemed to have been satisfied.

21. This Consent Decree shall not be construed to affect rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## X. SIGNATURE AND CERTIFICATION

22. Each undersigned representative of Sunoco certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document. The Deputy Section Chief for the Environmental Enforcement Section of the United States Department of Justice, Environment and Natural Resources Division, is authorized to enter into the terms and conditions of this Consent Decree and legally bind the United States to this document.

## XI. VOIDABILITY

23. If for any reason a court should decline to approve entry of this Consent Decree in the form presented, or if the United States withdraws its consent pursuant to Paragraph 26 below, this Consent Decree and the settlement embodied herein shall be voidable by written notice to the other parties at the sole discretion of any party to this Consent Decree, and the terms hereof may not be used as evidence in any litigation.

## XII. RETENTION OF JURISDICTION

24. This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree.

25. There shall be no modification of this Consent Decree after its entry by the Court without written agreement of all the parties to the Consent Decree and approval by the Court.

## XIII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

26. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) calendar days for public notice and comment in accordance with United States Department of Justice policy. The United States reserves the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is inappropriate, improper, or inadequate. Sunoco consents to the entry of this Consent Decree without further notice.

## XIV. EFFECTIVE DATE

27. This Consent Decree shall be effective upon the date of its final entry.

## XV. SIGNATORIES/SERVICE

28. Sunoco hereby agrees to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable rules of this Court, including, but not limited to, service of a summons.

29. This Consent Decree may be executed in counterparts and, as executed, shall constitute one agreement binding on all Parties to this Consent Decree.

## XVI.  FINAL JUDGMENT

30. This Consent Decree constitutes the final, complete, and exclusive understanding between the Parties with respect to the settlement embodied in the Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

31. Upon approval and final entry, this Consent Decree shall constitute a final judgment between the United States and Sunoco.

SO ORDERED THIS _____ DAY OF _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES ENTER INTO THIS CONSENT DECREE:

FOR THE UNITED STATES OF AMERICA:

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____
W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

_____
RACHEL JACOBSON
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20530
(202) 514-5474

PATRICK L. MEEHAN
United States Attorney
Eastern District of Pennsylvania

_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division

_____
SUSAN DEIN BRICKLIN
Assistant United States Attorney
Senior Litigation Counsel
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8318

Of Counsel:
Suzanne Parent, EPA
Mark Barash, DOI

FOR UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

_____
THOMAS V. SKINNER
Acting Assistant Administrator
Office of Enforcement & Compliance Assurance
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

FOR UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

_____
DONALD S. WELSH
Regional Administrator
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

_____
WILLIAM C. EARLY
Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

_____
NATALIE L. KATZ
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

FOR THE DEFENDANTS:

_____  DLA
JOEL H. MANESS, Senior Vice-President
1735 Market Street, Suite LL
Philadelphia, PA 19103

for Sunoco, Inc. (R& M)


_____
DEBORAH M. FRETZ, President
1735 Market Street
Philadelphia, PA 19103

for Sun Pipe Line Company


Of Counsel:
Susan Schmidt Pié
General Attorney, Compliance & Major Litigation
Sunoco, Inc.
1735 Market Street
Philadelphia, PA 19103
(215) 977-3785

John N. Hanson
Mateo Davis
Beveridge & Diamond, P.C.
1350 I St., N.W., Suite 700
Washington, D.C. 20005-3311
(202) 789-6015

17